Burket, O. J.
Section 2295, Revised Statutes, is as follows: “The council may order the clerk or other proper officer of the corporation to certify any unpaid assessment or tax to the auditor of the county in which the corporation is situated, and the amount •of such assessment or tax so certified, shall be placed upon the tax list by the county auditor, and shall, with ten per cent, penalty to cover interest and cost ■of collection, be collected with and in the same manner as state and county taxes, and credited to the corporation ; provided, that the said ten per cent, penalty shall in no case be added unless at least thirty days shall intervene between the date of the publication of the ordinance making the levy and the time of certifying the same to the county auditor for collection.”
So much of Section 2296, Revised Statutes, as is applicable to this case, is as follows: “Assessments placed upon the tax list, under the provisions of this chapter,- shall, when collected, be paid to the treasurer of the corporation, and be applied by the council only to the purposes of the improvement for which they were made.”
Section 2297, Revised Statutes, is as follows: “The lien of an assessment shall continue two years from the time the same is payable, and no longer, unless *300 the corporation shall, before the expiration of the time, have caused the same to be certified to the auditor of the proper county, for entry upon the tax-list, for collection, or shall have caused the proper action to be commenced in some court having jurisdiction thereof, to enforce such lien against such lots or lands, in which case the lien shall continue in force so long as such assessment remains on the tax list uncolItacted, or so long as such action is pending, and any judgment obtained, under and by virtue thereof, remains in force and unsatisfied.”
As the petition avers, and the circuit court finds,, that after the assessment ordinance was in full force, the city of Bellaire caused the assessment to be duly, certified to the auditor of the county, and that the same was pláced upon the tax list against the property in the petition described, it follows from the provisions of said section 2295, that the said assessment, with ten per cent, penalty, could thereafter be collected only with and in the same manner as state and county taxes; because said section provides that upon such assessment being certified to the county auditor, the amount thereof shall be placed upon the tax-list, with ten per cent, penalty, and “shall be collected with and in the same manner as state and county taxes”
Section 2296 provides that assessments placed upon the tax-list, shall, when collected, be paid to the treasurer of the corporation. This means that when collected by the county treasurer, who alone collects the tax list and state and county taxes, such treasurer shall p^y the amount of the assessment collected to the treasurer of the corporation.
Section 2297 provides that the lien of an assessment shall continue for two years from the time the same *301 is payable and no longer, unless the corporation shall, before the expiration of the two years, have caused the assessment to be certified to the auditor for entry ■on the tax list for collection, in which case the lien shall continue in force so long as such assessment ■shall remain on the tax-list uncollected.
There is also a provision to the effect that if the corporation- shall commence a proper action within two years for the collection of the assessment, the lien shall continue so long as such action is pending, and the judgment obtained therein remains unsatisfied.
' These sections clearly give the corporation power to sue within two years for the collection of such assessments as have not been certified to the county auditor, but after such assessment has been so certified the power of the corporation to sue for and collect the same no longer exists, and thereafter the right •of action for the collection of such assessments is vested alone in the county treasurer, and he shall •collect the assessments with and in the same manner as state and county taxes.
The petition avers that said assessment became a lien on the premises on August 7, 1889, and was payable twenty days thereafter, and that the same was certified to the county auditor in the same year. The action in the common pleas was begun by the city on December 24,1894, long after the assessment had been •certified to the auditor, and long after the city’s right of action had ceased and the lien in favor of the city expired. So that when this action was begun by the city it had no lien to enforce, and had no right of action for the collection of the assessment by judgment and execution, that right, if it existed at all, being-vested in the county treasurer from and after the time •said assessment was so certified to the county auditor.
*302 It is therefore clear that the city of Bellaire had no' cause of action against said defendants below and that the first ground of demurrer should have been sustained.
It is urged that the demurrer should have been upon the ground that the city did not have capacity to sue, rather than that the petition did not state facts sufficient to constitute a cause of action against the defendant. This distinction is not tenable. The city has full capacity to sue, and there is no defect in that regard. But in exercising its capacity to sue it discloses, by the averments of its petition, that there is no cause of action in its favor, and that the cause of action, if any existed against the defendants, is in favor of another party. To enable a plaintiff to recover, his petition must disclose a cause of action in favor of the plaintiff and against the defendant; and if the petition discloses a good cause of action against ihe defendant, but at the same time shows that the cause of action is not in favor of the plaintiff, the petition is demurrable on the ground that it does not state facts sufficient to constitute a cause of action. Buckingham v. Buckingham, 36 Ohio St., 68; Zinn v. Baxter, 65 Ohio St., 341, 369.
Besides the error in not sustaining the demurrer to the petition, the circuit court also erred in rendering judgment agaiust the defendants below in favor of the city of Bellaire, because the finding of facts clearly shows that the assessment had been certified to the auditor and placed on the tax-list fully four years before the action was commenced, and the city, therefore, had no cause of action against the defendants at the time of the commencement of its suit.
Some other questions have been argued in this case, but as the plaintiff below showed no cause of action. *303 in its favor those questions' became immaterial and are not decided, for the reason that to attempt to do so would be obiter.
The judgment of the circuit court will be reversed, and judgment rendered in favor of the plaintiffs in error

Judgment reversed and judgment for plaintiffs in error.

Spear, Davis, Shauck and Crew, JJ., concur.